| U.S. Department of Justice | PROCESS RECEIPT AND RETURN | MAN |
|---|---|---|
| United States Marshals Service | See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form. | |

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Larry Martin | 08C1511 |
| **DEFENDANT** | **TYPE OF PROCESS** |
| Officer Moss, et al. | S/C |

**SERVE** ➤ NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Mr. Ismial Ray, Building Owner
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
**AT** 813 E. 65 St., Chicago, IL 60629

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Larry Martin, #2007-0088166
Cook County Jail
P.O. Box 089002
Chicago, IL 60608

| Number of process to be served with this Form - 285 | 1 |
|---|---|
| Number of parties to be served in this case | 4 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

FILED
APR 25 2008 TC
4-25-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| Signature of Attorney or other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE 04-07-08 |
|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process 4 of 4 | District of Origin No. 24 | District to Serve No. 24 | Signature of Authorized USMS Deputy or Clerk  Td | Date 06-07-08 |
|---|---|---|---|---|---|

☐ I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|---|
| Address (complete only if different than shown above) NOT SERVED | | Date of Service 4/21/08  Time 330 pm |
| | | Signature of U.S. Marshal or Deputy |

| Service Fee 96.00 | Total Mileage Charges (including endeavors) 9.70 | Forwarding Fee — | Total Charges 105.7 | Advance Deposits — | Amount owed to U.S. Marshal or 105.7 | Amount of Refund — |
|---|---|---|---|---|---|---|

REMARKS:
Mr Ismail Ray does not reside at 813 E. 65th St. Chicago, IL 60629. Owns building but only visits once per month per residents.
1 DUSM 20 miles L.T. 2 hrs. PC

| PRIOR EDITIONS MAY BE USED | **1. CLERK OF THE COURT** | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|

AO440 (REV. 1/90) Summons in a Civil Action

# United States District Court
## Northern District of Illinois

**LARRY MARTIN,**

VS.

**MR. ISMIAL,**

SUMMONS IN A CIVIL ACTION

CASE 08-CV-1511

JUDGE CHARLES P. KOCORAS

TO: Mr. Ismial

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff pro se:

NAME: Larry Martin - #2007-0088166
Cook County Jail
ADDRESS: P.O. Box 089002
Chicago, IL 60608

answer to the complaint which is herewith served upon you, within [20] days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

MICHAEL W. DOBBINS, CLERK

April 3, 2008
Date

Deputy Clerk - Angela Revis



| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me:^ | DATE |
| NAME OF SERVER (Print) | TITLE |

*Check one box below to indicate appropriate method of service:*

[ ]  Served personally upon the defendant.  Place where served: _____
_____

[ ]  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.  Name of person with whom the summons and complaint were left:
_____

[ ]  Returned unexecuted: _____

[ ]  Other (specify): _____
_____
_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                        Date                                Signature of Server

                                         _____
                                                  Address of Server

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
Consent to Exercise of Jurisdiction
By a United States Magistrate Judge

---

Case Title                                    Case Number:


                                              Assigned Judge:
         V.


                                              Designated
                                              Magistrate Judge:

In accordance with the provisions of Title 28 U.S.C.§636(c), the undersigned party or parties to the above-captioned civil matter hereby voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and order the entry of a final judgment. Should this case be reassigned to a magistrate judge other than the magistrate judge designated pursuant to Local Rule 72, the undersigned may object within 30 days of such reassignment. If an objection is filed by any party, the case will be reassigned to the district judge before whom it was last pending.


_____          By:_____     _____
    Date                    Signature                     Name of Party or Parties


_____          By:_____     _____
    Date                    Signature                     Name of Party or Parties


_____          By:_____     _____
    Date                    Signature                     Name of Party or Parties


_____          By:_____     _____
    Date                    Signature                     Name of Party or Parties


Note: File this consent *only* if all parties have consented on this form to the exercise of jurisdiction by a United States magistrate judge.

FILED
MARCH 20, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ALR





MAR 13 2008
MAR 13 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LARRY MARTIN

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

08CV1511
JUDGE KOCORAS
MAGISTRATE JUDGE SCHENKIER

vs.

OFFICER PETT, OFFICER RODGER,

DETECTIVE EARNSHAW, THEY ARE BEING

SUIT IN THERE INDIVIDUAL

CAPACITIIES, AND MR. ISMIAL.

Case No: _____
(To be supplied by the Clerk of this Court)

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

__X__    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code (state, county, or municipal defendants)

_____    COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code (federal defendants)

_____    OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

A. Name: LARRY MARTIN

B. List all aliases: LARRY BOND, JAME MARTIN.

C. Prisoner identification number: 20070088166

D. Place of present confinement: COOK COUNTY JAIL

E. Address: P.O. BOX 089002, Chicago, Il. 60608

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: OFFICER PETT

Title: POLICE OFFICER

Place of Employment: 70th in Cottage Grove Ave. Chicago,IL. 60629

B. Defendant: OFFICER RODGER

Title: POLICE OFFICER

Place of Employment: 70th in Cottage Grove Ave. Chicago, IL. 60629

C. Defendant: DETECTIVE EARNSHAW

Title: DETECTIVE UNIT.

Place of Employment: 70th in Cottage Grove Ave, Chicago,IL 60629

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2                                                                Revised 9/2007

D. Defendant: Mr. Ismial Ray.

Title: Building owner.

Place of Employment: 813 E. 65 st. Chicago, IL 60629

1. Mr. Ismial could and should be call as a Defendant, because he "Comspire with Officer Pett, and Officer Rodger, to violate the Plaintiff's Constitutional Rights under the 4,5,and 14 Amendment.

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

    A. Name of case and docket number: __1983 Civil Rights Form, 07-c-766__

    B. Approximate date of filing lawsuit: Dec. 8, 2006

    C. List all plaintiffs (if you had co-plaintiffs), including any aliases: __LARRY MARTIN__

    D. List all defendants: __TURNER ET AL.__

    E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): __NORTHERN DISTRICT OF ILLINOIS__

    F. Name of judge to whom case was assigned: __REBECCA R. PALLMEY__

    G. Basic claim made: __FOOD ILLNESS__

    H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): __PENDING__

    I. Approximate date of disposition: __2-12-08__

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

Statement of claim:

1. On september 27,2006, Plaintiff where arrested on the charge of Burglary, in violation of his constitutional rights, under the 4,6,8, and 14 amendment. For "false arrest", "False incarceration", and "Malicious Prosecution.

2. Plaintiff tried to explain to officer Pett, that he never comitted this burglary, and never enter the owner Mr. Ismial building and that he saw some copper wire sticking between a gate while he was walking down the ally, and that he tried to pull that wire through that gate.

3. Plaintiff was taking back to the crime scene, while setting in officer Pett's patrol car Plaintiff over heared officer Rodgor and the owner Mr. Ismial talking about what took place. Mr.Ismial explain to officer Rodgor that the Plaintiff was "Attempting " to pull some wire from between his gate. Officer Rodgor stated "thats not no Buglary"!!

4. Plaintiff then where taking to area three police station where he was "Charge with Burglary", but couldn't understand why! since he never enter the owner building.

5. The owner Mr. Ismial had no "Knowledge of what constituted Burglary", untill he was "Coerce" by officer Pett and officer Rodgor. While inconspiracy to comspire against the Plaintiff to violate the Plaintiff's constitutional rights. While at the same time "Manufacturing" False evidence for the prosecutor by having the owner Mr Ismial to state that he saw the Plaintiff inside his building walking with a roll of copper wire so that they can "Falsely accused the Plaintiff of Burglary" in violation of his constitutional rights.

6. On September 27,2006, a detective Earnshaw was call in to investigate the criam scene, but fail to investigate by not taking finger prints that could have clear the Plaintiff of this criam. Ignored the plaintiff's plead that he was innocent of this criam. Ignored the Plaintiff's statement that he saw the copper wire sticking in the gate. While conspiring with officer Pett and officer Rodgor to violate the Plaintiff's "constitutional rights.

(1)

7.  On or about Nov. 16, 2006, The States Attorney seek an indictment against the Plaintiff for Burglary. Detective Earnshaw was call in to testified as a witness for the States Attorney at the grand jury indictment hearing.

Detective Earnshaw engaed in "Malicious Prosecution" by perjuring himself before the Grand Jury, while misleading the jury into thinking that the Plaintiff committed this criam,in order to seek an indictment against the Plaintiff in violation of Plaintiff's Comstitutional Rights.

### PLAINTIFF'S PAIN AND SUFFERING CAUSE BY THE DEFENDANT'S CONSTITUTIONAL VIOLATION

1.  The Plaintiff was incarcerated as a result of his Comstitutional violation for over "THIRTEEN MONTHS".

2.  While incarcerated Plaintiff suffer seriously "PHYSICAL, EMOTIONAL, MENTAL DISTRESS." Plaintiff's bond was 225,000 which made it impossible for him to bond out. Plaintiff had no income coming in to buy personal needs such as soap and deodorent. Plaintiff had to seek protection by jorning a gang, evertruly, Plaintiff was attack by a follow inmate who bit a hold out of his hand that needed six stiches, and he had to have a tetanus shot.

3.  Due to Plaintiff's unsanitary living condition at the Cook County Jail ,Plaintiff obtain two serious boils on his body, one on his forehead and the other one under his arm. The boil on the Plaintiff's forehead left a scar that would be there for the rest of his life. These boils had to be surgeonly remove.

4.  Due to the Plaintiff's long incarceration he lose his "Appartment and everything that he every owned." All of his important papers, clothes, Tvs.Redio, most important his pictures of his love ones that are unreplaceable.

(2)

5.      Plaintiff where left homeless after his release date Nov.8,2007. by the trial Judge, who evertruly "Acquitted" him. Left without any family member to help him, Plaintiff fail off into a deep depression while living in the streets. Plaintiff found an abondone building to stay in to keep warm. Two week later Plaintiff found his self reincarcerated on a charge of "Burglary" for living in that abondoned building by the same area three police station.

6.      This complaint are very difficult for the Plaintiff to litigat due to the "Mental and Emotional Distress that the Plaintiff suffer. There are three or four Defendants who has conspire against the plaintiff to "Deprive him of his lift and liberty without Due Process". Plaintiff's claim are so complex and or intricate that a trained Attorney is necessary to pretect the Plaintiff "Civil Rights.

### CONCLOUION

THE DEFENDANTS PETT, RODGOR, ISMAIL, AND EARNSTHAW ARE RESPONABLE FOR VIOLATING THE PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE 4,5, and 14 AMENDMENT...

V. **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I WOULD LIKE THE DEFENDANTS TO PAY THE PLAINTIFF IN THE SUM OF 5.5 MILLION DOLLARS FOR THE PLAINTIFF"S PHYSICAL, MENTAL, AND EMOTIONAL DISTRESS.

VI. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __7__ day of __MARCH__, 20__08__

_____
(Signature of plaintiff or plaintiffs)

LARRY MARTIN
(Print name)

20070088166
(I.D. Number)

P.O. BOX 089002, CHICAGO, IL. 60608
(Address)

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 1511 | DATE | March 20, 2008 |
| CASE TITLE | Larry Martin (#2007-0088166) vs. Officer Moss, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $5.01 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The clerk is directed to issue summonses for service by the U.S. Marshal. The clerk is also directed to send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The plaintiff's motion for appointment of counsel [#4] is denied.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, three Cottage Grove police officers and a private landowner, conspired to have the plaintiff falsely arrested and maliciously prosecuted, knowing that the burglary charge was without foundation. [The plaintiff indicates that he was ultimately acquitted and that he is currently incarcerated once again on an unrelated burglary charge.]

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $5.01. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook

(CONTINUED)     mjm

A TRUE COPY - ATTEST
MICHAEL W. DOBBINS, CLERK
BY: *[signature]*
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DATE: APR 03 2008

Page 1 of 3

| STATEMENT (continued) |
|---|

County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the complaint states a colorable constitutional claim. An arrest without probable cause is a violation of the Fourth Amendment, actionable under 42 U.S.C. § 1983. *Driebel v. City of Milwaukee*, 298 F.3d 622, 652 (7th Cir. 2002) (collecting cases). The plaintiff will also be permitted to proceed at this time on his interrelated pendent state claim of malicious prosecution. While a more fully developed record may belie the plaintiff's claims, the defendants must respond to the allegations in the complaint.

The clerk shall issue summonses for service of the complaint on the defendants. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If any police officer defendant can no longer be found at the work address provided by the plaintiff, the Cottage Grove Police Department shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

The plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it

**(CONTINUED)**

| STATEMENT (continued) |
|---|

himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Pruit v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although the plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff, a highly experienced litigator, appears more than capable of presenting his case, notwithstanding his purported mental and emotional distress. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied.

As a final concern, the court notes that the plaintiff made a material omission in the complaint he submitted. The court's civil rights complaint form instructed the plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court (including the Central and Southern Districts of Illinois)." Complaint at 3 (emphasis in original). The form goes on to direct, "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS . . . REGARDLESS OF HOW MANY CASE YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." *Id.* (emphasis in original).

Despite the court's admonition, the plaintiff identified only one, pending case, failing to mention at least seven previous federal cases he has filed, including one in which a "strike" was assessed against him. *See Martin v. Jack*, Case No. 07 C 3211 (N.D. Ill.), dismissed by Minute Order of June 13, 2007 (Pallmeyer, J.). The plaintiff's effective "fraud" on the court justifies "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Because the plaintiff's previous dismissals do not affect his eligibility to proceed *in forma pauperis* in this case, *see* 28 U.S.C. § 1915(g), the court will give the plaintiff the benefit of the doubt and assume that his omissions were due to accidental oversight. But the plaintiff is cautioned that in signing court filings, he is representing that the statements he makes are true to the best of his knowledge. *See* Fed. R. Civ. P. 11. Before submitting any motions or pleadings to the court, the plaintiff should accordingly review the documents carefully to make sure they are complete and accurate. Misrepresentations to the court could lead to sanctions, including dismissal.

*Charles P. Kocoras*
U.S. District Judge