Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1511 | **DATE** | July 3, 2008 |
| **CASE TITLE** | Martin (#2007-0088166) vs. Petit, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's "motion for injunction on defendant, Ray Ismail owner amended in part" [20] is construed as a motion for a preliminary injunction and a motion for leave to amend complaint. Plaintiff's motion for a preliminary injunction is denied. Plaintiff's motion to amend complaint is denied without prejudice. If Plaintiff wishes to amend, he must submit a motion accompanied by the proposed amended complaint. Plaintiff is granted until July 25, 2008, to submit any new motion and amended complaint. The amended complaint must be on the forms required under Local Rule 81.1 (N.D. Ill.). The Clerk is directed to send Plaintiff an amended civil rights complaint form and instructions for filing, along with a copy of this order.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Larry Martin, has filed a "motion for injunction on defendant, Ray Ismail owner amended in part." Plaintiff's motion seeks an injunction against Defendant Ismail and to amend Plaintiff's complaint. Plaintiff's motion is construed as a motion for a preliminary injunction and a motion for leave to amend complaint.

Plaintiff's motion for a preliminary injunction is denied. Plaintiff seeks to enjoin Defendant Ismail from transferring any of his interest in any properties to anyone until this suit is resolved. Plaintiff's sole argument in support of the injunction that it is necessary because Defendant Ismail is of "Arab descent and has ti[es] with family members outside the United States."

Before a preliminary injunction will issue, the party seeking the injunction must demonstrate that: (1) no adequate remedy at law exists, (2) he will suffer irreparable harm if the injunction is not granted, (3) he has a reasonable likelihood of success on the merits of the underlying claim, (4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the injunction is granted, and (5) the injunction will not harm the public interest. *Kiel v. City of Kenosha*, 236 F.3d 814, 815-16 (7th Cir. 2000). Plaintiff has failed to demonstrate any of these factors. Accordingly, Plaintiff's motion for an injunction is denied.

Plaintiff also seeks to amend his complaint to add a conspiracy claim. Plaintiff did not file a proposed amended complaint with his motion. Plaintiff's motion to amend his complaint is denied without prejudice. A motion to amend a complaint must be accompanied by the proposed amendment. Plaintiff is given until July 25, 2008, to submit any new motion and proposed amended complaint. The amended complaint must be on the forms required under Local Rule 81.1 (N.D. Ill.). Plaintiff must write both the case number and the judge's name on the complaint and sign it. The document must bear Plaintiff's original (not photocopied) signature. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also provide a service copy for each Defendant named in the amended complaint. All documents should be filed in care of the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. The service

**STATEMENT**

copies of the amended complaint may either be exact duplicates of the original (that is, photocopied from the original) or conformed copies of the original (that is, typed or hand written word-for-word from the original). If Plaintiff chooses to make conformed copies, he may request more copies of the amended complaint form from the Prisoner Correspondent.

The amended complaint replaces or supersedes the original complaint. In other words, after Plaintiff files an amended complaint, the Court no longer considers the original complaint. Thus, allegations or claims contained in the original complaint will not be considered if they are not included in the amended complaint. Similarly, if a defendant in the original complaint is not named as a defendant on the cover of the amended complaint, the Court will treat that defendant as dropped from the suit. Therefore, if Plaintiff wishes to amend, **he must make sure to list all his defendants in the caption on the first page of the complaint. He must also include in his amended complaint all allegations he wants the court to consider.**

The Clerk is directed to send Plaintiff a blank amended civil rights complaint form and instructions along with a copy of this order.

Dated:   **July 3, 2008**

**CHARLES P. KOCORAS**
**U.S. District Court Judge**