# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **LARRY MARTIN,** | ) | |
| | ) | **No. 08 C 1511** |
| **Plaintiff,** | ) | |
| | ) | **Judge Kocoras** |
| **v.** | ) | |
| | ) | **Magistrate Judge Schenkier** |
| **Chicago Police Officer PETT, Chicago** | ) | |
| **Police Officer RODGOR, Chicago Police** | ) | |
| **Detective EARNSHAW, each in their** | ) | |
| **individual capacities, and ISMAIL RAY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' ANSWER, DEFENSES, AND JURY
## DEMAND TO PLAINTIFF'S COMPLAINT

Defendants, Gregory Petit, Elliot Rogers, and James Earnshaw, by and through their

attorney, Meghan K. Kennedy, Assistant Corporation Counsel, for their Answer, Defenses, and

Jury Demand to Plaintiff's Complaint state as follows:

## STATEMENT OF CLAIM

1.      On September 27, 2006, Plaintiff where arrested on the charge of Burglary, in

violation of his constitutional rights, under the 4, 6, 8, and 14 amendment for "false arrest",

"False incarceration", and "Malicious Prosecution.

**ANSWER:**     Defendants[1] admit that, on September 27, 2006, plaintiff was arrested and

charged with burglary.  Defendants deny the remaining allegations in this paragraph.

2.      Plaintiff tried to explain to officer Pett, that he never committed this burglary, and

never enter the owner Mr. Ismial building and that he saw some copper wire sticking between a

gate while he was walking down the ally, and that he tried to pull that wire through that gate.

**ANSWER:**     Defendant Petit admits that, when arrested, plaintiff denied committing a

---

[1]When the term "defendants" is used throughout this Answer, it refers only to the
individual police officer defendants, Gregory Petit, Elliot Rogers, and James Earnshaw.  This
Answer makes no representations on behalf of defendant Ismail Ray.

burglary.  Defendant Petit denies the remaining allegations in this paragraph.  Defendants Rogers

and Earnshaw lack knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph.

3.      Plaintiff was taking back to the crime scene.  While setting in officer Pett's patrol
car, Plaintiff over heared officer Rodgor and the owner, Mr. Ismial, talking about what took
place.  Mr. Ismail explain to officer Rodgor that the Plaintiff was "Attempting "to pull some wire
from between his gate."  Officer Rodgor stated "thats not no Buglary".

**ANSWER:**      Defendants Petit and Rogers admit that, following his arrest, plaintiff was

taken back to the crime scene.  Defendant Rogers denies the remaining allegations in this

paragraph.  Defendants Petit and Earnshaw lack knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in this paragraph.

4.      Plaintiff then where taking to Area three police station where he was "Charge with
Burglary", but couldn't understand why since he never enter the owner building.

**ANSWER:**      Defendants admit that on September 26, 2006, plaintiff was charged with

burglary.  Defendants lack knowledge or information sufficient to form a belief as to what

plaintiff could understand.  Defendants deny the remaining allegations in this paragraph.

5.      The owner, Mr. Ismial, had no "Knowledge of what constituted Burglary", untill
he was "Coerce" by officer Pett and officer Rodgor.  While in conspiracy to comspire against the
Plaintiff to violate the Plaintiff's constitutional rights.  While at the same time "Manufacturing"
False evidence for the prosecutor by having the owner Mr. Ismial to state that he saw the Plaintiff
inside his building walking with a roll of copper wire so that they can "Falsely accused the
Plaintiff of Burglary" in violation of his constitutional rights.

**ANSWER:**      Defendants lack knowledge or information sufficient to form a belief as to

whether Mr. Ismail had "Knowledge of what constituted Burglary."  Defendants deny the

remaining allegations in this paragraph.

6.      On September 27, 2006, a detective Earnshaw was call in to investigate the criam
scene, but fail to investigate by not taking finger prints that could have clear the Plaintiff of this

criam.  Ignored the plaintiff's plead that he was innocent of this criam.  Ignored the Plaintiff's statement that he saw the copper wire sticking in the gate.  While conspiring with officer Pett and officer Rodgor to violate the Plaintiff's "constitutional rights.

**ANSWER:**    Defendants admit that, on September 27, 2006, Defendant Earnshaw was

assigned to investigate the incident that is the subject of plaintiff's Complaint.  The defendants

deny the remaining allegations in this paragraph.

7.    On or about Nov. 16, 2006, The States Attorney seek an indictment against the Plaintiff for Burglary.  Detective Earnshaw was call in to testified as a witness for the States Attorney at the grand jury indictment hearing.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

8.    Detective Earnshaw engaged in "Malicious Prosecution" by perjuring himself before the Grand Jury, while misleading the jury into thinking that the Plaintiff committed this crime in order to seek an indictment against the Plaintiff in violation of Plaintiff's Comstitutional Rights.

**ANSWER:**    Defendant Earnshaw denies the allegations in this paragraph.  Defendants

Petit and Rogers lack knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph.

## PLAINTIFF'S PAIN AND SUFFERING CAUSE BY THE DEFENDANT'S CONSTITUTIONAL VIOLATION

1.    The Plaintiff was incarcerated as a result of his Constitutional violation for over "THIRTEEN MONTHS".

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegation in this paragraph.

2.    While incarcerated Plaintiff suffer seriously "PHYSICAL, EMOTIONAL, MENTAL DISTRESS."  Plaintiff's bond was 225,000 which made it impossible for him to bond out.  Plaintiff had no income coming in to buy personal needs such as soap and deodorent. Plaintiff had to seek protection by joining a gang, evertruly, Plaintiff was attack by a follow

inmate who bit a hold out of his hand that needed six stiches, and he had to have a tetanus shot.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegation in this paragraph.

3.    Due to Plaintiff's unsanitary living condition at the Cook County Jail, plaintiff obtain two serious boils on his body, one on his forehead and the other one under his arm.  The boil on the Plaintiff's forehead left a scar that would be there for the rest of his life.  These boils had to be surgeonly remove.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

4.    Due to the Plaintiff's long incarceration he lose his "Appartment and everything that he every owned."  All of his important papers, clothes, Tvs.Redio, most important his pictures of his love ones that are unreplaceable.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

5.    Plaintiff where left homeless after his release date Nov. 8, 2007, by the trial Judge, who evertruly "Acquitted" him.  Left without any family member to help him, Plaintiff fail off into a deep depression while living in the streets.  Plaintiff found an abandoned  building to stay in to keep warm.  Two week later Plaintiff found his self reincarcerated on a charge, of "Burglary" for living in that abondoned building by the same area three police station.

**ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

6.    This complaint are very difficult for the Plaintiff to litigation due to the "Mental and Emotional Distress that the Plaintiff suffer.  There are three or four Defendants who has conspire against the plaintiff to "Deprive him of his lift and liberty without Due Process".  Plaintiff's claim are so complex and or intricate that a trained Attorney is necessary to pretect the Plaintiff "Civil Rights.

**ANSWER:**    Defendants deny the allegations in this paragraph.

## CONCLOUION

THE DEFENDANTS PETT, RODGOR, ISMAIL, AND EARNSTHAW ARE RESPONABLE FOR VIOLATING THE PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE 4,5, and 14 AMENDMENT.

**ANSWER:** Defendants deny the allegations in this paragraph.

WHEREFORE, the Defendants pray that this Court enter judgment in their favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## 12(b)(6) DEFENSES

1.      To the extent that Plaintiff is alleging a claim under the Fifth Amendment of the United States Constitution, it should be dismissed.  The "Due Process Clause of the Fifth Amendment" applies only to federal officials."  See LaBoy v. Zuley, 747 F. Supp. 1284, 1286 (N.D. Ill. 1990) (citation omitted). Hence, since Plaintiff alleges that the Defendant Officers are City of Chicago Police Officers and not agents of the federal government, plaintiff's claim under the Fifth Amendment must be dismissed.

2.      Plaintiff fails to state a claim under the Sixth Amendment of the United States Constitution.  The Sixth Amendment deals with a person's right to counsel, a person's right to a speedy trial, a person's right to compulsory process, and a person's right to a jury trial.  Nothing in Plaintiff's Complaint implicates any of these rights secured by the Sixth Amendment.  Therefore, any claim plaintiff asserts under the Sixth Amendment should be dismissed from his Complaint.

3.      Plaintiff fails to state a claim for false arrest and false imprisonment under the

Fourth Amendment.  Probable cause for an arrest exists if an officer reasonably believes, in light

of the facts and circumstances within his knowledge at the time of the arrest, that the suspect has

committed an offense.  See United States v. Carillo, 269 F.3d 761, 766 (7th Cir. 2001).  Plaintiff

admits to committing a crime in his Complaint.  (See ¶ 2 of Pl's Compl., "Plaintiff tried to

explain to officer Pett...that he saw some copper wire sticking between a gate while he was

walking down the ally, and that he tried to pull that wire through the gate.")  Therefore,

plaintiff's claim that defendants arrested him without probable cause claim should be dismissed.

Furthermore, a police officer may rely upon another person (Mr. Ismaial, as alleged by plaintiff)

to establish probable cause.  See  Sheik-Abdi v. McClellan, 37 F.3d 1240, 1246 (7th Cir. 1994).

4.       To the extent plaintiff is claiming a separate federal cause of action for "malicious

prosecution" outside of the context of his claim for false arrest and imprisonment, this claim

should be dismissed.  "Malicious prosecution" does not constitute a federal cause of action under

42 U.S.C. § 1983 independent from claims for false arrest.

5.       To the extent that plaintiff asserts a separate cause of action for false arrest, false

imprisonment, and malicious prosecution under the Fourteenth Amendment of the United States

Constitution, this claim should be dismissed.  These claims, when asserted pursuant to 42 U.S.C.

§ 1983, are governed by the objective reasonableness standard of the Fourth Amendment.  See

Green v. Saenz, 812 F. Supp. 798, 801 (N.D. Ill. 1992)(citing Sheldon H. Nahmod, *Civil Rights*

*and Civil Liberties Litigation: The Law of Section 1983*, § 3.04, at 149-55 (3d ed. 1991)).

6.       Plaintiff also fails to state a claim against defendants under the Eighth

Amendment of the United States Constitution. He fails to allege that defendants were directly

responsible for, or deliberately indifferent to, any injuries that he incurred while incarcerated at

Cook County jail. See Duane v. Lane, 959 F.2d 673, 676 (7th Cir. 1994).

### AFFIRMATIVE DEFENSES

1.    Defendants are government officials, namely police officers, who performed

discretionary functions. At all times material to the events alleged in plaintiff's Complaint, a

reasonable police officer objectively viewing the facts and circumstances that confronted

defendants could have believed his actions to be lawful, in light of clearly established law and the

information that defendants possessed. Defendants, therefore, are entitled to qualified immunity.

2.    Officers Petit, Rogers, and Earnshaw were working as police officers at the time

of this incident. Therefore, as to any Illinois state law claims that plaintiff attempts to plead,

under the Illinois Tort Immunity Act, defendants are not liable for any of the claims alleged

because a public employee is not liable for his or her acts or omissions in the execution or

enforcement of any law, unless such acts or omissions constitute willful and wanton conduct.

745 ILCS 10/2-202 (2006).

3.    Officers Petit, Rogers, and Earnshaw are not liable for any of plaintiff's alleged

claims because a public employee, as such and acting within the scope of his employment, is not

liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

4.    Under Illinois Tort immunity law, defendants are not liable for injury allegedly

caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208 (2006).

5.    To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the plaintiff, any verdict or judgment obtained by plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case. See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

6.    An Illinois state court made a clear finding on September 28, 2006, in the case of State of Illinois v. Martin, 06 MC1 137161, in the Circuit Court of Cook County, Municipal Department- First District, that probable cause existed for defendants to arrest plaintiff for the incident of September 27, 2006. The pretrial probable cause hearing in the state case was sufficiently thorough, and plaintiff's appeal had a sufficiently low likelihood of succeeding. Therefore, plaintiff is collaterally estopped from claiming false arrest or any derivative claim thereof, including malicious prosecution, in this matter.

**DATED:  July 14, 2008**                     Respectfully submitted,
                                              MEGHAN K. KENNEDY, Attorney for Defendants
                                                  Petit, Rogers, and Earnshaw

30 North LaSalle Street          By:    _*Meghan K. Kennedy*_____
Suite 1020                               MEGHAN K. KENNEDY
Chicago, Illinois 60602                  Assistant Corporation Counsel
Attorney No. 6283230

-8-

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LARRY MARTIN,** | ) | |
| | ) | **No. 08 C 1511** |
| **Plaintiff,** | ) | |
| | ) | **Judge Shadur** |
| **v.** | ) | |
| | ) | **Magistrate Judge Schenkier** |
| **Chicago Police Officer PETT, Chicago** | ) | |
| **Police Officer RODGER, Chicago Police** | ) | **Jury Demand** |
| **Detective EARNSHAW, ISMAIL RAY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

TO:    Larry Martin
       #2007008816
       P.O. Box 089002
       Cook County Jail
       Chicago, Illinois  60608

       **PLEASE TAKE NOTICE** that on this 14th day of July 2008, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANTS' ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

       **I HEREBY CERTIFY** that I have served this notice and the attached document by causing it to be delivered by certified mail, return receipt requested, to the person named above at the address shown this 14th day of July, 2008.

                                        Respectfully submitted,

                                        MEGHAN K. KENNEDY,
                                        Attorney for Defendants Petit, Rogers, and Earnshaw

                             By:    *Meghan Kennedy*
                                    MEGHAN KENNEDY
                                    Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
Attorney No. 6283230